Roy R. Brown and Minnie P. Brown v. Commissioner.
Brown v. Commissioner
Docket No. 547-71.
United States Tax Court
T.C. Memo 1972-73; 1972 Tax Ct. Memo LEXIS 182; 31 T.C.M. (CCH) 296; T.C.M. (RIA) 72073; March 27, 1972, Filed. Roy R. Brown, pro se, 700 Bandit Trail, Smithfield, Tex.Bernard B. Nelson, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1968 in the amount of $1,226.16. The issue for decision is whether an individual reporting his 1968 income on a calendar year basis is required to compute the tax surcharge under section 51(a)(1), I.R.C. 1954, [1] and if he is required so to compute the tax surcharge, is section 51(a)(1)(A) unconstitutional as applied to the calendar year as a Bill of Attainder or ex post facto Law within the meaning of article I, section 9 of the Constitution. Most of the facts have been stipulated and are found accordingly. Petitioners, *183 husband and wife whose legal residence at the date of the filing of the petition in this case was Smithfield, Texas, filed a joint Federal income tax return for the taxable year ended December 31, 1968, with the district director of internal revenue at Dallas, Texas. Petitioners on their joint income tax return reported taxable income of $24,199, which was increased by respondent in his notice of deficiency to $27,367.37, the items making up this increase not being in issue in this case. In computing their income tax liability for the year ended December 31, 1968, petitioners separated on their return income received before April 1, 1968, from that received after that date and excluded the portion of the adjusted or normal tax applicable to income earned before April 1, 1968, in computing their tax surcharge. On the basis of the income as reported by them, petitioners arrived at a tax prior to computation of the surcharge of $5,731.64 and a tax surcharge of $99.76. Respondent in his notice of deficiency computed petitioners' income tax as $6,872.25 prior to the surcharge and their tax surcharge as $515.42, making a total tax plus surcharge of $7,387.67. Petitioners sold a business *184 known as Systematic Company on January 5, 1968. The greater portion of petitioners' gross income for the taxable year ended December 31, 1968, was derived from the sale of this business. Petitioners in the first 3 months of 1968 sold certain stock at a capital gain. Of petitioers' total income for the calendar year 1968, a little over $20,000 was received prior to April 1, 1968. Petitioners take the position that section 51 which was added to the Code by Public Law 90-364, dated June 28, 1968, provides that all individual taxpayers are subject to a surcharge of 10 percent on income earned after April 1, 1968, and no surcharge on income earned prior to April 1, 1968. In support of their conclusion, petitioners refer to the provisions of section 51(a)(2)(A)[2] dealing with taxpayers reporting their 297 income on a fiscal year basis or with a short taxable year. *185 It is clear from the statute, as respondent contends, that section 51(a)(1)(A)[3] provides for the computation of the surcharge with respect to individuals who report their income on the basis of a calendar year. Petitioners contend that if the surcharge is retroactive to January 1, 1968, the law imposing it (section 51(a)(1)(A)) is an ex post facto law as applied to the year 1968. Their position is that a law imposing a tax retroactively is ex post facto. Petitioners further contend that section 51(a)(1)(A) applied retroactively to 1968 amounts to a Bill of Attainder. Petitioners state that the retroactive application of the law amounts *186 to an extinction of the civil rights of a person whose income is from other than a salary since a person who receives a salary has an equal proportion of his income in each quarter of the year, whereas a person not on a salary does not have such evenly distributed income. In Johannessen v. United States, 225 U.S. 227, 242 (1912), the Court stated with respect to a section of an Act of June 29, 1906, there being considered, as follows: Finally it is insisted that, if retrospective in form, the section is void, as an ex post facto law within the prohibition of Art. I, Sec. 9 of the Constitution. It is, however, settled that this prohibition is confined to laws respecting criminal punishments, and has no relation to retrospective legislation of any other description. Cooley's Const. Lim. (6th ed.) 319; Calder v. Bull, 3 Dall. 386, 390; and Rose's Note thereon. * * * Under this holding of the Supreme Court, the tax surcharge is not an ex post facto law In United States v. Lovett, 328 U.S. 303, 315 (1946), the Court referred to definitions of a Bill of Attainder contained in Cummings v. Missouri, 4 Wall. 277, 323 and Ex parte Garland, 4 Wall. 333 *187 and then stated: Neither of these cases has ever been overruled. They stand for the proposition that legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution. The tax surcharge imposed by section 51 does not fall within the Supreme Court's definition of a Bill of Attainder. Petitioners make no argument that any other specific section of the Constitution is violated by the retroactive application of section 51 of the Code but generally contend that the section is unconstitutional. In Pietsch v. United States, 434 F. 2d 861 (C.A. 2, 1970), the Court held the tax surcharge provided for in section 51 to be constitutional stating at 863: Under Flast v. Cohen, 392 U.S. 83 (1968), however, Pietsch's attack must assert the violation of "specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power. ," * * * We conclude that the tax surcharge imposed by section 51(a)(1)(A) for the year 1968 on a taxpayer reporting *188 his income on a calendar year basis is constitutional. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. Sec. 51(a)(2) Fiscal and short taxable years. - (A) In general. - In addition to the other taxes imposed by this chapter and except as provided in subparagraph (B), in the case of taxable years ending on or after the effective date of the surcharge and beginning before July 1, 1969, there is hereby imposed on the income of every person whose taxable year is other than the calendar year, a tax equal to - (i) 10 percent of the adjusted tax for the taxable year, multiplied by (ii) a fraction, the numerator of which is the number of days in the taxable year occurring on and after the effective date of surcharge and before July 1, 1969, and the denominator of which is the number of days in the entire taxable year.↩
3. SEC. 51. TAX SURCHARGE. (a) Imposition of tax. - (1) Calendar year. - (A) Individuals (other than estate and trusts). - In addition to the other taxes imposed by this chapter, there is hereby imposed on the income of every individual (other than an estate or trust) whose taxable year is the calendar year a tax as follows: CALENDAR YEAR 1968 * * * Table 3. - Married persons or surviving spouse filing joint return If the adjusted tax is: But less At least than The tax is - * * * $734 and over, 7.5% of the adjusted tax.↩